IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WINSCOM and DENISE WINSCOM (h/w)<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br>WK KELLOGG CO., ABC COMPANIES and JOHN DOES and/or JANE DOES<br>Defendants. | CIVIL ACTION<br><br>NO. 2:25-cv-6531<br><br>JURY TRIAL DEMANDED |

### DEFENDANT WK KELLOGG CO'S NOTICE OF REMOVAL

Defendant WK Kellogg Co ("WK Kellogg"), by and through its undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Pennsylvania Court of Common Pleas for Philadelphia County, September Term 2025, No. 01151, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, states as follows:

1. This is a products liability action where Plaintiff Joseph Winscom claims he was injured by a hard foreign object in a box of Frosted Flakes. His wife, Denise Winscom, alleges a loss of consortium (collectively, "Plaintiffs").

2. Plaintiffs initiated this action by filing a Complaint in the Philadelphia County Court of Common Pleas on September 11, 2025. *See* Plaintiffs' original Complaint attached hereto as Exhibit "A."

3. Plaintiffs filed an Amended Complaint on October 22, 2025. *See* Plaintiffs' Amended Complaint attached hereto as Exhibit "B."

4. Plaintiff filed a Second Amended Complaint on November 18. 2025. *See* Plaintiffs' Second Amended Complaint attached hereto as Exhibit "C."

5. Plaintiffs served WK Kellogg on November 4, 2025. *See* Plaintiffs' Affidavit of Service attached hereto as Exhibit "D."

6. WK Kellogg's responsive pleading was not yet due as of the date of this filing, and it intends to answer the Second Amended Complaint in federal court.

7. In addition to WK Kellogg, Plaintiffs assert claims against Defendant Wal-Mart Stores East, LP ("Walmart") as an alleged product seller. Walmart consents to this removal as set forth at Exhibit "E."

8. The state court where this action was originally filed is located in Philadelphia County, Pennsylvania, which is embraced within this jurisdictional district.

9. Removal from the Court of Common Pleas, Philadelphia County, is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

10. This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

**I.    Plaintiffs Are Wholly Diverse from All Named Defendants.**

11. Plaintiffs reside at 3520 Wessex Lane, Philadelphia, Pennsylvania, and are citizens of the Commonwealth of Pennsylvania. *See* Exhibit "C," at ¶ 1.

12. Defendant WK Kellogg Co is a Delaware corporation with its principal place of business located in Battle Creek, Michigan.

13. Defendant Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of Delaware with a principal place of business in Bentonville, Arkansas. Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP through wholly-owned operating entities as follows: Walmart Inc., a citizen of Delaware and Arkansas, is the sole (100%) member of Wal-Mart Stores East, LLC (WMSE). Therefore, WMSE is a citizen of Delaware and Arkansas. WMSE is the sole (100%) member of both WSE Management, LLC and WSE Investment, LLC. Therefore, WSE Management, LLC and WSE Investment, LLC are also citizens of Delaware and Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP is a citizen of the States of Delaware and Arkansas since its partners are citizens of Delaware and Arkansas. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of each of its members"); and 419 (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)) ("a partnership, as an unincorporated entity, takes on the citizenship of each of its partners.").

14. Accordingly, Plaintiffs are diverse from all Defendants.

II. **The Amount in Controversy Exceeds the Jurisdictional Minimum of $75,000.**

15. The Second Amended Complaint is relatively vague as to the amount in controversy. The Second Amended Complaint merely alleges that Plaintiff Joseph Winscom sustained "injuries to his mouth and teeth, including to but not limited to pain, dental damage, and emotional distress. *See* Exhibit "C," at ¶ 29.

16. However, based on other paper WK Kellogg received on October 20, 2025, Plaintiffs seek damages in excess of $75,000.

17. On that date, Plaintiff produced medical records indicating that he had ten (10) teeth surgically extracted from his lower left jaw after the alleged incident.[1]

18. Plaintiff also had four (4) mandibular implants surgically implanted on his lower left jaw.

19. The medical notes further suggest that Plaintiff may need another, future surgery on his upper jaw to correct his tooth placement and midline misalignment.

20. Plaintiff produced approximately $19,925 in medical bills, and those costs are expected to escalate given the additional procedures that have been recommended by his treatment team.

21. This Court has long held that discovery responses or medical records indicating a surgery or need for surgery can constitute "other paper" for removal purposes. *Hensler v. Wal-Mart Stores, Inc.*, 2019 U.S. Dist. LEXIS 25133, *19-20, 2019 WL 653073.

22. Additionally, on October 30, 2025, Plaintiffs made a $350,000 settlement demand. *See* email correspondence dated October 30, 2025 confirming the demand, attached as Exhibit "F."

23. On November 18, 2025, Plaintiffs filed a case management memorandum in Philadelphia County where they specifically demanded "in excess of $350,000." *See* Plaintiffs' Case Management Memorandum attached as Exhibit "G."

24. Based on Plaintiffs' other paper indicating that they intend to claim multiple past and future surgeries related to this claim, combined with their demand of $350,000, WK Kellogg avers that the amount in controversy exceeds $75,000.

25. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are diverse and the matter in controversy exceeds $75,000 as set forth herein.

---

[1] To protect Plaintiff's privacy, the underlying medical records themselves are not attached. However, they can be made available at the Court's request if necessary.

26. Further, this Notice of Removal is timely filed within thirty (30) days of service of Plaintiffs' Complaint and other paper upon WK Kellogg.

27. Accordingly, the requirements of 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) are satisfied and this matter is properly removable.

**WHEREFORE**, Defendant WK Kellogg Co respectfully requests that this state action be removed from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**

Dated: November 19, 2025           By:     */s/ Peter Della Porta*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Gwyneth R. Schrager, Esquire
Attorney I.D. No.: 319219
Email: gschrager@mcda-law.com
Peter Della Porta, Esquire
Attorney I.D. No. 331346
Email: pdellaporta@mcda-law.com
860 First Avenue, Suite 5B
King of Prussia, PA 19406
Telephone – (610) 337-2087
Facsimile – (610) 337-2575
*Attorneys for Defendants*