# EXHIBIT A

**SOLOMON, SHERMAN, GABAY, BRISKIN & SHEMAN**

This is a Major Jury Case



Filed and Attested by the
Office of Judicial Records
11 SEP 2025 07:40 am
L. BREWINGTON

**DAVID B. SHERMAN**
Identification No. 36437
8 Penn Center
1628 J.F.K. Boulevard, Suite 2200
Philadelphia, PA 19103
(215) 665-1100

**Attorneys for Plaintiffs**

| | |
|---|---|
| JOSEPH WINSCOM and DENISE WINSCOM h/w: | COURT OF COMMON PLEAS |
| 3520 Wessex Lane | PHILADELPHIA COUNTY |
| Philadelphia, PA 19114 : | |
| : | TERM, |
| vs. : | |
| : | |
| WAL-MART STORES EAST, LP : | NO.: |
| 455 Franklin Mills Cir : | |
| Philadelphia, PA 19154 : | |
| and : | |
| WK KELLOGG CO. : | |
| 1 Kellogg Sq, : | |
| Battle Creek, MI 49017 : | |
| SEE ATTACHED RIDER | |

**NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with this court your defenses objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVER A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGALHELP. PHILADELPHIA BAR ASSOCIATION LAWYER REFERENCE SERVIE ONE READING CENTER PHILADELPHIA, PA 19107 (215) 238-1701 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede dedidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME FOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ASOCIACION DE LICENCIADOS DE FILADELFIA Servicio De Referencia E Informacion Legal One Reading Center Filadelfia, PA 19107 Telefono: (215) 238-1701 |

Case ID: 250901151

***RIDER***

|                                                      |     |
| ---------------------------------------------------- | --- |
|      and                     | :   |
| ABC COMPANIES                                        | :   |
| (fictitious designation of unidentified              | :   |
| businesses, partnerships, non-profits,               | :   |
| proprietorships, and/or corporations)                | :   |
|      and                     | :   |
| JOHN DOES and/or JANE DOES,                          | :   |
| (fictitious designation of unidentified              | :   |
| individuals)                                         | :   |

---

## COMPLAINT – CIVIL ACTION
## <u>2O – Other Personal Injury</u>

1.      Plaintiffs Joseph Winscom and Denise Winscom, h/w are adult individuals residing at the above stated address.

2.      Defendant, Wal-Mart Stores East, LP, is a corporation and/or similar business entity authorized to do business in the Commonwealth of Pennsylvania with offices located at the above-stated address and at all times pertinent hereto owned, controlled, maintained and possessed and were responsible for the condition of the food items at their supermarkets, including the supermarket where Plaintiff purchased a dangerous and defective food product.

3.      Defendant, WK Kellogg Co., is a corporation and/or similar business entity authorized to do business in the Commonwealth of Pennsylvania with offices located at the above-stated address, and at all times pertinent hereto was the manufacturer, producer, distributor and supplier of frosted flakes cereal intended for sale and distribution in the Commonwealth of Pennsylvania at Defendant Wal-Mart Stores East, LP, and/or were the successor corporations or corporation and/or successors to the obligations of said manufacturer.

Case ID: 250901151

4.    Defendants, ABC Companies, said names being fictitious, the true names being unknown the Plaintiff after reasonable search with due diligence, were businesses, partnerships, non-profits, proprietorships, and/or corporations who were the manufacturer, producer, distributor and supplier of frosted flakes cereal intended for sale and distribution in the Commonwealth of Pennsylvania at Defendant Wal-Mart Stores East, LP, and/or were the successor corporations or corporation and/or successors to the obligations of said manufacturer.

5.    Defendants, John Does and/or Jane Does, said names being fictitious, the true names being unknown to the Plaintiff after reasonable search with due diligence, were individual manufacturer, producer, distributor and supplier of frosted flakes cereal intended for sale and distribution in the Commonwealth of Pennsylvania at Defendant Wal-Mart Stores East, LP, and/or were the successor corporations or corporation and/or successors to the obligations of said manufacturer.

6.    The particular involved product was frosted flakes cereal.

7.    Said product was produced, distributed and/or sold by Defendants retailer, where it was sold for the purpose for which said product was intended.

8.    At all times pertinent hereto, the Defendants produced, owned, controlled, operated, maintained, sold and distributed the food item product, frosted flakes cereal.

9.    The product, as purchased from Defendants was unchanged in condition from when it left the possession of Defendant manufacturer.

10.    The sales of the product manufactured by Defendant WK Kellogg Co., in the Commonwealth of Pennsylvania, in terms of volume and dollar amount, are more than sufficient to make Defendant WK Kellogg Co., subject to all applicable statutes and

Case ID: 250901151

regulations of the Commonwealth of Pennsylvania regarding manufacturing, assembly, performance and safety standards required of product and other similar products for sale in Pennsylvania.

11.     Plaintiff Joseph Winscom purchased frosted flakes cereal at Defendants Wal-Mart Stores East, LP, store, located at 455 Franklin Mills Cir in the City of Philadelphia, Commonwealth of Pennsylvania on or about June of 2024.

12.     On or about June 5, 2024, Plaintiff was consuming a bowl of frosted flakes cereal that had been purchased in its original, sealed packaging from a retail store. While eating the cereal in a normal and expected manner, Plaintiff bit down on a hard, foreign object that was concealed within the product. As a direct result of biting into the foreign object, Plaintiff sustained injuries to his mouth and teeth, including but not limited to pain, dental damage, and emotional distress.

13.     As a result of the aforesaid incident, Plaintiff, Joseph Winscom, was caused to sustain severe personal injuries set forth more particularly hereinafter.

## COUNT I: Negligence
## PLAINTIFF, JOSEPH WINSCOM v. DEFENDANT, ALL DEFENDANTS

14.     Plaintiff Joseph Winscom hereby incorporates by reference paragraphs 1 through 13 as though the same was fully set forth at length herein.

15.     Defendant WK Kellogg Co. placed the aforesaid product into the stream of commerce where it was eventually purchased by Defendant, Wal-Mart Stores East, LP, and purchased by Plaintiff, Joseph Winscom.

16.     At all times relevant hereto, Defendant, WK Kellogg Co., was the manufacturer and supplier of the aforesaid product intended for use by individuals, such as Plaintiff.

Case ID: 250901151

17.    At all times pertinent hereto, Plaintiff purchased the frosted flakes cereal product/food from Defendants Wal-Mart Stores East, LP.

18.    The product presented an unreasonable risk of causing physical harm to a user of said product.

19.    Said product was used by Plaintiff, whom Defendants should have expected to use said product.

20.    Plaintiff was an individual of a nature Defendants should have expected to be endangered by the instant use of said product.

21.    The product was used in the manner for which the product was manufactured, distributed and supplied.

22.    Defendants, knew or had reason to know that the product was likely to be dangerous for the use for which it was supplied and sold.

23.    Defendants had no reason to believe that Plaintiff would realize the dangerous condition.

24.    An injury such as the instant one, at the time and place aforesaid, is a foreseeable event which had been contemplated, or should have been contemplated, by Defendants in their design, manufacturing, packaging of the product and sale.

25.    The injuries suffered by Plaintiff were caused by the negligence, recklessness and carelessness of Defendants in the manufacturing, packaging distribution and sale of said product, which consisted of the following:

(a)    failure to properly inspect the product in the packaging so as to insure its safety;

(b)    defective packaging of said product;

<span style="color:red">Case ID: 250901151</span>

(c)    negligent sale of said product to retailers and individuals that Defendants knew or should have known would be unable to safely sell said product;

(d)    failure to adequately warn and inform Plaintiff and other such individuals of danger of the product and of said danger caused by the defective design, packaging, manufacturing and sale of the product;

(e)    failure to follow relevant safety guidelines for products such as the product herein;

(f)    failure to use existing and available methods to protect against injuries such as that sustained by Plaintiff;

(g)    failure to adequately research and/or develop new methods which would have protected against injuries such as that sustained by Plaintiff;

(h)    failure to use due care and acting without due regard for the rights, safety and position of Plaintiff and being otherwise guilty of negligence, recklessness and carelessness, and willful conduct as may be found in the discovery process;

(i)    Failing to inspect the food product;

(j)    Selling the food product when it was in a defective condition;

(k)    Selling a food product that was infested;

(l)    Failing to put in place precautionary systems to ensure the safety of the food product;

(m)    Allowing the food product to become dangerous and defective;

(n)    Failing in their procedures;

Case ID: 250901151

(o)    Failing to have proper safeguards to ensure the food product was in safe condition;

(p)    Failing to store and distribute the food product in a safe manner;

(q)    Failing to package the food product in a safe manner;

(r)    Failing to employ properly trained employees;

(s)    Failing to possess proper equipment;

(t)    Failing to have proper methods;

(u)    Being negligent per se;

(v)    Failing to follow regulations, protocols and procedures;

(w)    Violating various provisions of the Restatement of Torts 2nd including Section 402(a) and other relevant sections; and

(x)    Being otherwise negligent act fact and at law.

26.    Defendants were negligent in violating various provisions of the Restatement of Torts 2nd including Section 402(a) and other relevant sections;

27.    Defendants were negligent in violating various provisions for strict liability and are liable to the Plaintiffs under those theories;

28.    Defendants were negligent in violating provisions of the Uniform Commercial Code, as well as implied and expressed covenants and warranties;

29.    Defendants set forth in the stream of common area, the product/food identified above.

30.    The product/food was used for its intended purpose.

31.    All of the acts and omissions of the Defendants were committed by the Defendants and/or thought their servants, agents, workmen and employees.

32.    As a result of the Defendants' aforesaid negligence, Plaintiff sustained

Case ID: 250901151

injuries to his mouth and teeth, including but not limited to pain, dental damage, and emotional distress all of which has caused and may further cause in the future great pain and suffering and agony and a deprivation of his normal mode of living and the enjoyment of life.

33.    As a further result of the aforesaid incident, Plaintiff has been unable in the past and is likely to be unable in the future to attend to his usual duties and activities and life's pleasures.

34.    By reason of the negligence of Defendants acting as aforesaid, the Plaintiff has been and may in the future be required to expend various sums of money for medical services and treatment of the injuries as aforesaid to his great financial detriment and loss.

35.    By reason of the negligence of the Defendants acting as aforesaid, the Plaintiff has incurred and may continue to incur other expenses or financial losses which do or may exceed amounts Plaintiff may otherwise be entitled to recover, thereby entitling Plaintiff to additional benefits.

WHEREFORE, Plaintiff demands judgment against Defendants individually, jointly and severally, in an amount in excess of $50,000 plus costs, interest and attorney's fees.

### COUNT II: Breach of Warranty
### PLAINTIFF, JOSEPH WINSCOM v. ALL DEFENDANTS

36.    Plaintiff Joseph Winscom hereby incorporates by reference paragraphs 1 through 35 as though the same was fully set forth at length herein.

37.    Defendants expressly and impliedly warranted that the product was merchantable and fit for the purpose for which it was designed.

Case ID: 250901151

38.     The product was not, in fact, merchantable, nor fit for use for its intended purpose, but rather, was unsafe and unmarketable as set forth previously in this Complaint.

39.     The warranties given by Defendants ran to the benefit of Plaintiff.

40.     Reliance was made on Defendant's skills and judgments that the product was fit for its intended use and Plaintiff was seriously and permanently injured as a result.

41.     The product was not, in fact, merchantable, nor fit for use for its intended purposes, but rather was unsafe and unmarketable, as set forth previously in this Complaint.

42.     The injuries suffered by Plaintiff were as a result of the breach of warranty of fitness and merchantability.

WHEREFORE, Plaintiff demands judgment against Defendants individually, jointly and severally, in an amount in excess of $50,000 plus costs, interest and attorney's fees.

### COUNT III: Strict Liability-Restatement of Torts 402A and 402B
### PLAINTIFF, JOSEPH WINSCOM v. ALL DEFENDANTS

43.     Plaintiff, Joseph Winscom hereby incorporates by reference paragraphs 1 through 42 as though the same was fully set forth at length herein.

44.     Defendants. sold the aforementioned product in a defective condition unreasonably dangerous to consumers and users of the product.

45.     Defendants knew or should have known that the produce would be used by individuals such as Plaintiff.

46.     Defendants. knew that members of the public would rely upon the product to be safe.

47.     Defendants knew or should have known that an accident of the type that involving Plaintiff could result from the defect.

48.    The product manufactured, distributed and sold by Defendants was defective and was unreasonably dangerous to the public.

49.    The said defect existed in the product before it left Defendants factory.

50.    The product manufactured, packaged and distributed by Defendants caused harm to Plaintiff.

51.    Defendants because of its position as a manufacturer, owed a strict duty to Plaintiff not to harm him through the use of Defendants product.

52.    Manufacturers are strictly liable to Plaintiff for its failure to manufacture, distribute and place in the stream of commerce, a product that would not cause harm to the Plaintiff.

53.    Defendants misrepresented to the public, including Plaintiff, the quality of said product, claiming the involved product was safe for the involved use.

54.    Plaintiff relied upon the misrepresentations of Defendants and suffered the above-referenced injuries as a result.

55.    Defendants are liable to Plaintiff because of Defendant's strict liability in tort.

56.    Defendants manufactured, packaged, distributed, sold  and placed into the stream of commerce a defective product and as such, is liable under 402A of the Restatement of Torts 2d, strict liability.

WHEREFORE, Plaintiff demands judgment against Defendants individually, jointly and severally, in an amount  in excess of $50,000 plus costs, interest and attorney's fees.

## COUNT IV Loss of Consortium
### PLAINTIFF, DENISE WINSCOM v. ALL DEFENDANTS vs. ALL

Case ID: 250901151

## <u>NAMED DEFENDANTS</u>

57.     Plaintiff, Denise Winscom, incorporates by reference each and every averment contained in paragraphs 1 through 56, inclusive of the instant Complaint as though the same were hereinafter fully set forth.

58.     At all times pertinent hereto, Plaintiff, Denise Winscom is the lawful wife of Plaintiff, Joseph Winscom.

59.     As a result of the aforesaid accident, Plaintiff, Denise Winscom suffered loss of society, companionship, consortium and other pleasures to husband-and-wife relationships.

60.     As a further result of the aforesaid accident, Plaintiff Denise Winscom may be obliged to incur medical expenditures in treating her husband and may be obliged to incur in the future to her great financial detriment and loss.

WHEREFORE, Plaintiff, demands judgment against the defendants, jointly and severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

BY: _____
            DAVID B. SHERMAN, ESQUIRE
            Attorneys for Plaintiffs

Dated:  09/08/25

## VERIFICATION

I, Joseph Winscom, hereby verify that the statements made in the foregoing Civil Action Complaint, are true and correct to the best of my information, knowledge and belief after reasonable inquiry. I understand that statements made herein are subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities.

_Joseph Winscom_
Joseph Winscom

DATED: ___9-3-2025___

Case ID: 250901151

## VERIFICATION

I, Denise Winscom, hereby verify that the statements made in the foregoing Civil

Action Complaint, are true and correct to the best of my information, knowledge and

belief after reasonable inquiry.  I understand that statements made herein are subject to

the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to

authorities.

_Denise Winscom_

Denise Winscom

DATED: 9-3-2025

Case ID: 250901151